IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDO PETERS,              )
                          )
    Plaintiff,        )
                          )
vs.                       )     CASE NO.:
                          )
SOCIETY OF ST. VINCENT    )
DE PAUL, COUNCIL OF       )
PENSACOLA-TALLAHASSEE,    )
INC.,                     )
                          )
    Defendant.        )
_____/

# **C O M P L A I N T**

COMES NOW, the Plaintiff, ABDO PETERS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues SOCIETY OF ST. VINCENT DE PAUL, COUNCIL OF PENSACOLA-TALLAHASSEE, INC. (hereinafter referred to as "Defendant") and alleges:

**JURISDICTION AND VENUE**

1.     This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon

this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Defendant, SOCIETY OF ST. VINCENT DE PAUL, COUNCIL OF PENSACOLA-TALLAHASSEE, INC., is a Not for Profit corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of offering community services including, but not limited to, operating thrift store(s) which offer clothing and household goods.

5. Defendant, SOCIETY OF ST. VINCENT DE PAUL, COUNCIL OF PENSACOLA-TALLAHASSEE, INC., operates three thrift stores in the Pensacola area at the following locations: 1) 120 Chiefs Way, Pensacola, Florida 32507; 2) 1417 West Cervantes Street, Pensacola, Florida 32501; and 3) 3832 North 9th Avenue, Pensacola, Florida 32503.

6. Functioning in association with the Defendant's thrift stores are the Defendant's Desoto Outlet and thrift store warehouse ("warehouse") located at 2200 West DeSoto Street, Pensacola, Florida 32505.

7. Plaintiff, ABDO PETERS, is a resident of the State of Florida and worked for the Defendant, in Pensacola, Florida, during the three (3) years before the date on which this Complaint was filed.

8. Plaintiff, ABDO PETERS, worked for the Defendant performing warehouse and thrift store duties at/in conjunction with the Defendant's warehouse and its thrift store located at 120 Chiefs Way, Pensacola, Florida 32507 (hereinafter "the Warrington Thrift Store").

## FACTUAL ALLEGATIONS

9. The Defendant, SOCIETY OF ST. VINCENT DE PAUL, COUNCIL OF PENSACOLA-TALLAHASSEE, INC., INC. (hereinafter "ST. VINCENT") is an employer and enterprise engaged in interstate commerce.

10. The Defendant, as part of its business, engages in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by accepting monetary and other tangible donations from, but not limited to, individuals and/or entities out of state which are part of interstate

commerce, by advertising and soliciting on the World Wide Web or other mediums to persons and/or entities outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

11. Furthermore, the Defendant obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

12. The Defendant, ST. VINCENT, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

13. The Defendant controls the day to day operations of its warehouse and thrift stores, including the Warrington Thrift Store, and is actively involved in the day to day operations of the warehouse and the Warrington Thrift Store including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, setting prices of goods, and other business operations.

14. Defendant supervises the operations of its warehouse and thrift stores, including the Warrington Thrift Store, including hiring and firing employees,

setting work schedules for the employees, and providing work assignments for employees.

15. Defendant, at all times material, is the "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. The Plaintiff is, at all times material, an "employee" of the Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

17. The Defendant hired the Plaintiff, ABDO PETERS, in or about October 2007 to work for it at its thrift store(s) and/or warehouse.

18. Plaintiff was an employee of the Defendant and worked as and performed the essential duties of a warehouse and thrift store employee including, but not limited to, maintenance tasks, inventory duties, customer service, moving furniture, and picking up and delivering furniture and other goods from and to the Defendant's customers and patrons.

19. At all times material herein, the Defendant controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendant was responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and

hours worked, dispatching and assigning the Plaintiff's work duties, and supervising the Plaintiff.

20. The Plaintiff was an hourly employee.

21. The Plaintiff worked the number of hours required of him by the Defendants, but was not paid for each and every hour worked during a work week.

22. The Defendant suffered and permitted the Plaintiff to work for it but did not pay him for all hours that he worked for the Defendant.

23. Beginning on or after April 17, 2014, the Plaintiff was required to participate in and/or perform acts or services in association with his employment including attending medical and/or employment-related appointments.

24. The Plaintiff, at the direction of the Defendant, or an agent or representative of the Defendant, was required to attend, participate, or submit to these appointments.

25. Although required to attend these appointments by the Defendant, the Plaintiff was not paid by the Defendant for the time/hours associated with traveling to/from and attending the aforementioned appointments.

26. The Defendant failed or refused to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendant including, but not limited to, the hours expended by the Plaintiff in traveling to/from and attending his appointments

at the direction of the Defendant, or an agent or representative of the Defendant.

27. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

28. The Plaintiff regularly worked for the Defendant but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

29. The Defendant's actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage compensation, as required by the FLSA, were willful and not in good faith.

30. At all times material herein, the Defendant had knowledge that it was not paying the Plaintiff the appropriate wages and did so intentionally, and in conscious disregard, to paying Plaintiff for all hours worked.

31. The Defendant is involved with paying the Plaintiff.

32. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I - FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

33. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth and referenced herein.

34. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

35. The Plaintiff regularly worked for the Defendant but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA on at least one occasion.

36. Defendant failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA, including those related to attending appointments required of him by and at the direction of the Defendant.

37. The Defendant was aware it had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

38. The Defendant knew, or showed reckless disregard for the fact, that its failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

39. The Defendant's practice of failing to pay Plaintiff the appropriate minimum wage due him violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendant's unlawful practice, the Plaintiff has suffered unpaid wages.

40. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

41. Because of Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

42. As a result of the unlawful acts of the Defendant, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

    A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

    B. Enter judgment for the Plaintiff declaring that the Defendant violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendant from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

    C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    D. Award Plaintiff an equal amount in liquidated damages;

    E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F.  Grant such other and further relief as this Court deems equitable and just.

G.  Plaintiff demands a trial by jury.

### JURY TRIAL IS DEMANDED

DATED this 2nd day of September, 2016.

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
TYLER L. GRAY, ESQ.
FL Bar No. 0059738
Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, FL  32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*