IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDO PETERS,

    Plaintiff,

vs.                                                             CASE NO. 3:16-cv-440-MCR-CJK

SOCIETY OF ST. VINCENT
DE PAUL, COUNCIL OF
PENSACOLA-TALLAHASSEE,
INC.,

    Defendant.
_____

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

COME NOW, the Plaintiff **ABDO PETERS** in the above-captioned litigation (hereinafter "Plaintiff") and Defendant **SOCIETY OF ST. VINCENT DE PAUL, COUNCIL OF PENSACOLA-TALLAHASSEE, INC.** (hereinafter "Defendant"),[1] by and through their attorneys of record, and move this Court to approve the settlement of this case against Defendant, and in support thereof, the Parties state as follows:

1.     This is an action under the Fair Labor Standards Act where the Plaintiff alleges that Defendants failed to pay him compensation in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendants deny these allegations.

2.     The Parties have engaged in good faith, arm's-length negotiations in an effort to settle the Plaintiff's claims against Defendant. As a result of such negotiations, the Parties have agreed to settle the issues, matters, and things in dispute between and among them pursuant to the terms of the Settlement Agreement attached hereto as Exhibit 1.

---

[1] Plaintiff and Defendant are referred to as "Parties" when referred to collectively herein.

3. The Parties have reached a settlement in this matter, which, pending the Court's approval, resolves the wage and hour claims of Plaintiff.

4. The Parties have separately and independently negotiated Plaintiff's claim for attorney's fees and have reached an agreement regarding same.

6. The Parties agree that the terms of the Settlement Agreement are fair, reasonable, adequate, and in the Parties' best interests.

7. Court approval is necessary to effectuate a valid and enforceable release of Plaintiff's FLSA claims.

8. The Parties, through their counsel, hereby seek judicial approval of their compromise and the resolution of the dispute between Plaintiff and Defendant. Accordingly, the Parties jointly submit the Settlement Agreement to the Court.

WHEREFORE, THESE PREMISES CONSIDERED, the Parties respectfully request that this Court approve their compromise and the resolution of the dispute between Plaintiff and Defendant, and that this Court grants such other, further and different relief as this Court deems fair and just.

Respectfully submitted this 28th day of October, 2016.

| | |
|---|---|
| /s/ Jeremiah J. Talbott | /s/ Joseph Passeretti |
| Jeremiah J. Talbott | Joseph Passeretti |
| Florida Bar No. 0154784 | Florida Bar No. 860751 |
| Jeremiah "JJ" Talbott, P.A. | Beggs & Lane, RLLP |
| 900 East Moreno Street | 501 Commendencia Street |
| Pensacola, FL 32503 | Pensacola, FL 32502 |
| (850) 437-9600 | (850) 432-2451 |
| *jj@talbottlawfirm.com* | *jap@beggslane.com* |
| Attorney for Plaintiff | Attorneys for Defendant |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDO PETERS,

    Plaintiff,

Vs.                                          CASE NO. 3:16-cv-440-MCR-CJK

SOCIETY OF ST. VINCENT
DE PAUL, COUNCIL OF
PENSACOLA-TALLAHASSEE,
INC.,

    Defendant.

_____

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among Plaintiff **ABDO PETERS** (hereinafter "Plaintiff"),[1] and Defendant **SOCIETY OF ST. VINCENT DE PAUL, COUNCIL OF PENSACOLA-TALLAHASSEE, INC.** (hereinafter "Defendant").[2] This Agreement is based on the following:

I.    RECITALS

    1.1    Plaintiff is an individual who was required by the Defendant's workers compensation carrier to attend various medical appointments after he went out on workers compensation.

---

[1] Where appropriate, "Plaintiff" as used herein also inc1udes those persons, entities, etc. referred to in paragraph 4.1 as being within the meaning of "Plaintiff."
[2] Where appropriate, "Defendant" as used herein also includes those persons, entities etc. referred to in paragraph 4.1 as being within the meaning of "Defendant." Plaintiff and Defendant are referred to as "Parties" when referred to collectively herein and, where appropriate, "Parties" as used herein also includes those persons, entities, etc. referred to in paragraph 4.1 as being with the meaning of the terms "Plaintiff" and "Defendant."

1

**EXHIBIT A**

1.2     In this civil action 3:16-cv-00440 (the "Action"), Plaintiff alleges that during his employment performing warehouse and thrift store duties, Defendant was his employer and failed to pay compensation in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Defendant denies these allegations.

1.3     The Parties and their counsel believe that the interests of all concerned are best served by compromise, settlement, and dismissal of this Action with prejudice against Defendant and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' best interests.

1.4     The Parties have engaged in good faith, arm's length negotiations in an effort to resolve this matter and conclude the Action against Defendant. As a result of such negotiations, the Parties have agreed to settle the issues, matters, and things in dispute between and among them pursuant to the terms of this Agreement.

II.     COMPROMISE ACKNOWLEDGEMENT

2.1     Plaintiff acknowledges and agrees that this Agreement and the consideration provided herein have been and are made and received solely on the basis of a compromise of disputed claims, and this Agreement is not, and is not to be construed as, an admission by Defendant of any liability whatsoever.

2.2     The Parties have conducted independent investigations of the facts and law concerning the claims and defenses in this Action. Counsel for the Parties have further analyzed the applicable law as applied to the facts discovered regarding the allegations of Plaintiff, Defendant's defenses thereto, and the damages claimed by the Plaintiff.

23      Plaintiff believes that the claims asserted in this Action have merit. However, Plaintiff recognizes and acknowledges the expense and length of continued litigation through trial and possible appeals. Plaintiff has also taken into account the uncertain outcome and the risk of litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted further proceedings at the district court level and potentially appellate review. Relying upon their fact investigations and legal analyses, the Parties have engaged in arm's length negotiations with a view to achieving a mutually acceptable settlement. Plaintiff believes that this settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of Plaintiff.

24      Defendant believes that the claims asserted in this Action are without merit. Defendant denies Plaintiff's claims and all charges of wrongdoing and liability under the FLSA. Although Defendant has vigorously contested the allegations in this Action to date and deny that they committed any wrongful action or violation of law, they believe nonetheless that further litigation with respect to Plaintiff would be protracted, expensive, and contrary to Defendant's best interests. Substantial amounts of time, energy, and other resources have been and, absent settlement, will continue to be devoted to Defendant's defense against the claims asserted by Plaintiff. Defendant recognizes and acknowledges the expense and length of continued litigation through trial and possible appeals. Defendant has also taken into account the uncertain outcome and the risk of litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted further proceedings at the district court level and potentially appellate review. In light of these realities, Defendant believes that settlement is the best way to resolve the disputes among the

Parties while minimizing Defendant's own further expenditures. Defendant believes that this settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of Defendant.

2.5     The settlement will not be deemed to be a concession or admission by Defendant of any violation of federal, state, or local law, statute, regulation, rule, or executive order, or any obligation or duty at law or in equity and will not be used or referred to in any proceeding other than proceedings to interpret or enforce this Agreement.

2.6     The Parties, through their counsel, hereby seek judicial approval of their compromise and the resolution of the dispute and this Action between Plaintiff and Defendant. The Parties jointly submit this Agreement to the Court. In the event the Court does not approve this Agreement, or any amended version agreed upon by the Parties, it will not have any effect, and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement. This Agreement will become effective (the "Effective Date") as of the date Plaintiff has signed this Agreement.

III.    PAYMENT AND DISTRIBUTION

3.1     In consideration for the terms, conditions, and promises in this Agreement, Defendant shall pay a total amount of Two Thousand One Hundred and no/100 Dollars ($2,100.00). Defendant does not, by making this payment, admit that it actually violated the FLSA at any time. Conversely, Plaintiff does not admit that Defendant's liability would be capped at the amounts represented in this payment, but Plaintiff acknowledges this amount represents a fair settlement of his claims against Defendant.

3.2     In consideration for the terms, conditions, and promises in this Agreement, Defendant will make a check payable to Jeremiah J. Talbott ("Talbott") in the gross amount of Two Thousand Dollars ($2,000.00) (hereinafter the "attorney's fees and costs") ("Check #1). Defendant will also pay the gross amount of One Hundred and no/100 Dollars ($100.00) to Plaintiff, and will issue (2) two checks to "Abdo Peters" the first of which represents payment in the amount of Fifty and no/00 Dollars ($50.00) less payroll taxes as unpaid wages owed to Plaintiff ("Check #2) and the second of which represents payment in the amount of Fifty and no/00 Dollars ($50.00) as liquidated damages on Plaintiff's unpaid wages ("Check #3") equaling the total settlement amount minus the attorneys' fees and costs of Talbott.

3.2.1   Upon review of the facts pertinent to this claim, the Parties agree that any alleged violation of the Act is not a willful violation.

3.2.2   The Parties agree that the payment of "unpaid wages" to Plaintiff constitutes wages and is subject to normal withholdings and taxes. The Plaintiff will provide Defendant with a W-2 which will include the respective number of dependents and his mailing address.

3.2.3 Defendant will issue a Form 1099 for Plaintiff reflecting the payment of Fifty and no/100 Dollars ($50.00) via Check #3, as described in paragraph 3.2. Plaintiff will be responsible for all taxes associated with the payment of liquidated damages reflected in paragraph 3.2.

33      The above amounts referenced in paragraphs 3.1 through 3.2.2 are the amounts agreed to by the Parties to compromise, settle, and satisfy the disputed claims of

Plaintiff against Defendant, and the attorneys' fees and costs, and does so compromise, settle, and satisfy all relief sought by, which could have been sought by, and which could be awarded to, Plaintiff in this Action including, but not limited to, amounts for back wages, liquidated damages, interest, costs, expenses, and attorneys' fees necessary to the prosecution and administration of this Action and its settlement, other monetary and equitable relief, lost opportunity, and/or similar claims, all of which Defendant disputes. However, the parties expressly agree that this settlement does not affect or resolve the Plaintiff's entitlement to any additional worker's compensation benefits which may be owed on account of the unpaid wages which are paid herein.

3.4    Within ten (10) business days from the date that the Court approves this Agreement, Dismisses this action, or enters Final Judgment dismissing this Action with prejudice as to Defendant, whichever occurs last, Defendant shall issue two checks to Plaintiff totaling the gross amount set forth in paragraphs 3.2 through 3.2.2.  Defendant will withhold from Check #2 the mandatory payroll deductions and withholdings consistent with its payroll practices. Defendant shall mail the two checks for Plaintiff to Plaintiff's counsel, Jeremiah J. Talbott, at his law office, who will be responsible for distributing Checks #2 and #3 to Plaintiff.  If Defendant does not deliver Checks #2 and #3 as identified in this paragraph, Defendant will incur a 25% penalty fee.

3.5    Within ten (10) business days from the date that the Court approves this Agreement, dismisses this action, or enters Final Judgment dismissing this Action with prejudice as to Defendant, whichever occurs last, Defendant shall issue Check #1 payable

to Talbott in the gross amount set forth in paragraph 3.2. Talbott shall be responsible for making any allocation of such payment for attorney's fees and costs.

3.6     Checks #2 and #3 for the Plaintiff, if he cannot be located or whose check is returned undelivered, despite Plaintiff's counsel's best efforts, shall be returned to counsel for Defendant.

3.7     Defendant will prepare a W-2 with respect to the portion of the settlement payment contained in Check #2 paid to Plaintiff.

3.8     It is recognized by the Parties that Defendant has neither control over, nor obligation to distribute the settlement funds and, accordingly, is not responsible for such distribution. Plaintiff will defend, release, and hold Defendant harmless from any and all claims or causes of action arising from the distribution of settlement funds.

IV.    RELEASE

4.1     Plaintiff for himself, and for his predecessors, spouse and family, legal representatives, attorneys, agents, executor(trix), administrator(trix), personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (all of which, where appropriate, are included within the term "Plaintiff" when used in the Agreement), voluntarily and with the advice of counsel, fully and forever remise, release, acquit, and forever discharge Defendant, including their past, present, and future parent companies, d/b/a's, subsidiaries, affiliates, divisions, successors, assigns, successors in interest, and predecessors, and any such other entities' past, present, and future board members, owners, shareholders, directors, partners, officers, members, managers, employees, agents, lessees, attorneys, accountants, personal representatives,

legal representatives, assigns, underwriters, (all of which, where appropriate, are included within the term "Defendant" when used in this Agreement), whether in their personal, individual, official and/or corporate capacities, from any and all FLSA claims, and all parallel wage and hour state law claims, whether known or unknown, whether contingent or non-contingent, specifically asserted in this Action or not, which the Plaintiff may assert against Defendant, arising up to the Effective Date of this Agreement for the time period Plaintiff worked for Defendant. This release does not extend to any FLSA claims that may arise subsequent to the Effective Date of this Agreement. However, the parties expressly agree that this settlement does not affect or resolve the Plaintiff's entitlement to any additional worker's compensation benefits which may be owed on account of the unpaid wages which are paid herein. The Plaintiff specifically reserves his rights to seek any worker's compensation benefits which may be due him on account of any worker's compensation claim that he has/had with the Defendant or their insured, including back benefits.

      4.2    The release by Plaintiff set forth in paragraph 4.1 is effective immediately upon the Effective Date of this Agreement.

      4.3    In addition to the terms of Plaintiff's release in paragraph 4.1, Plaintiff agrees not to seek conditional certification or other certification of a collective action against Defendant and will not submit any notice of lawsuit, consent-to-join, or other such forms to the Court for approval that identifies Defendant.

      4.4    Plaintiff shall be deemed to have released all claims as set forth in paragraph 4.1 above and to adhere to the terms of paragraph 4.3 with full knowledge of

any and all rights he may have, and he hereby assumes the risk of any mistake in fact in connection with the true facts involved in the claims against Defendant released herein, or with regard to any facts which are now unknown to him, concerning the claims against Defendant released herein.

V.     DISMISSAL OF ACTION

     5.1     Plaintiff agrees to dismissal of this Action against Defendant, with prejudice.

     5.2     Plaintiff accepts the benefits provided herein as consideration in full and complete satisfaction and release of claims asserted in this Action and covered in this Agreement. Based on the provisions contained herein, Plaintiff agrees that this Action shall be dismissed with prejudice with respect to all claims upon entry of the Notice of Voluntary Dismissal with Prejudice.

VI.    RESOLUTION OF FUTURE DISPUTES

     6.1     Plaintiff confirms that, other than this Action, there is no claim, charge; complaint, or action currently existing as of the Effective Date of this Agreement that concerns allegations based on Plaintiff's claims relating to wage and hour compensation for the time period Plaintiff worked for Defendant.  In the event that any such claim, charge, complaint, or action is filed, and it is determined that such claim, charge, complaint, or action was existing as of the Effective Date of this Agreement, Plaintiff shall not be entitled to recover any damages or other relief there from including costs and attorneys' fees.  This Agreement is intended to resolve all wage and hour related claims of any kind, known or

unknown, pled or otherwise, as of the Effective Date of this Agreement but is not intended to resolve future disputes that may arise subsequent to the Effective Date of this Agreement.

6.2    The U.S. District Court for the Northern District of Florida shall have continuing jurisdiction to interpret and enforce this Agreement and to hear and adjudicate any dispute or litigation arising from this Agreement.

VII.    PARTIES' AUTHORITY

7.1    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

7.2    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and that this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

VIII.    MUTUAL FULL COOPERATION

8.1 The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, and the Court's approval of the same, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement and the Court's approval of the same.

IX.    MODIFICATION

9.1    This Agreement and any attachment (if any) may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

X.   ENTIRE AGREEMENT

10.1 This Agreement and any attachment (if any) constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

XI.  CHOICE OF LAW/JURISDICTION

11.1 This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of Florida, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Northern District of Florida. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

XII. COUNTERPARTS

12.1 This Agreement may be executed in counterparts, and when Plaintiff and the Defendant have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.

11

XIII. <u>VOIDING THE AGREEMENT</u>

      13.1 In the event this Agreement, or any amended version agreed upon by the Parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

SIGNED BY: _____  DATE: _____

Abdo Peters
Plaintiff

_____  _____

Jeremiah J. Talbott
Attorney for Plaintiff

SIGNED BY: _____  DATE: _____

SOCIETY OF ST. VINCENT DE PAUL,
COUNCIL OF PENSACOLA-
TALLAHASSEE, INC.

By: _____  _____
Its: _____
Defendant

_____  _____

Joseph Passeretti
Attorney for Defendant

12