IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDO PETERS,

    Plaintiff,

v.                                      Case No. 3:16cv440/MCR/CJK

SOCIETY OF ST. VINCENT
DE PAUL, COUNCIL OF
PENSACOLA-TALLAHASSEE,
INC.

    Defendant.
_____/

**ORDER**

Plaintiff Abdo Peters filed this action against his former employer seeking unpaid wages and liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The parties jointly move for approval of their settlement.[1] ECF No. 6. The court has fully considered the parties' submissions and reviewed the proposed settlement agreement. For the reasons that follow, the Joint

---

[1] The parties filed a Joint Motion for Approval of Settlement Agreement on October 28, 2016. ECF No. 6. The court needed additional information, however, to assess the reasonableness of the settlement. Accordingly, on November 7, 2016, the court deferred ruling on the motion and directed the parties to provide additional information detailing the factual basis for their compromise. ECF No. 7. The court has received and reviewed the parties' responses to the court's Order, ECF Nos. 8-9.

Motion for Approval of Settlement Agreement, *id.*, is **GRANTED** and the settlement is **APPROVED**.

"Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back-wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry*, *Inc.*, 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010). The internal factors consider whether (1) the compromise is fair and reasonable to the employee; (2) the compromise resolves a bona fide dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise involves a prospective waiver of FLSA rights; and (5) the compromise awards reasonable attorney's fees. *See id*. The external factors look at whether the compromise otherwise frustrates the implementation of the FLSA, requiring the

court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id*. at 1243-44. In deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed are also factors to be considered, as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id*. at 1241.

Plaintiff worked for Defendant from approximately December 2008 to September 2014, performing a range of tasks in the organization's warehouse and thrift store.[2] Plaintiff alleges that Defendant failed to pay him for approximately five hours he spent traveling to/from and attending employment-related doctor's appointments, in violation of the FLSA.[3] Defendant denies these claims and asserts that it properly compensated Plaintiff. Based on these contentions, bona fide disputes exist in this case as to Plaintiff's entitlement to wages, liquidated damages,

---

[2] According to Defendant, "[w]hile Plaintiff was employed by Defendant until September 2014, and may arguably technically still be employed at some level, he has not reported to work since April 2014" because of an alleged "workplace injury which rendered him permanently and totally disabled." ECF No. 9 at 2. The alleged workplace injury apparently led to a worker's compensation claim that has been resolved in another forum and, in any event, is not presently before the court in this matter. *See id*.

[3] The parties previously litigated and settled a FLSA case involving Plaintiff's alleged unpaid wages for time he spent working "off the clock" for Defendant between December 2008 and April 2016. *See Peters v. Soc'y of St. Vincent De Paul, Council of Pensacola-Tallahassee, Inc.*, No. 3:16-cv-011/MCR/EMT. The court approved that settlement agreement on April 18, 2016. *Id*. at ECF No. 11. Plaintiff subsequently filed the instant lawsuit seeking compensation at the rate of $10 per hour for the approximately five hours he spent traveling to and attending work-related doctor's appointments. *See* ECF Nos. 8, 9.

and attorney's fees under the FLSA. The proposed settlement fully resolves these disputes.

The parties represent that they have compromised and settled this action to avoid the risks and costs of protracted litigation. The settlement was reached through an adversarial process with both parties represented by experienced counsel. There were investigations of the facts and law regarding Plaintiff's claims and an assessment of the strengths of those claims. The parties acknowledge that unresolved legal and factual issues place the ultimate outcome of the litigation in doubt. The court sees no evidence of fraud or collusion.

The parties agree that the negotiated terms represent a "fair, reasonable, [and] adequate" resolution of the disputed issues. *Id*. at 4. Under the proposed settlement, Plaintiff will receive a total of $100 as payment for the release of his FLSA claim and dismissal of this suit with prejudice. Plaintiff will be paid $50, less payroll taxes, for his unpaid wages claim and an additional $50 for liquidated damages. *See* 29 U.S.C. § 216(b) (providing employee ordinarily entitled to unpaid wages and "an additional equal amount as liquidated damages"). In evaluating whether Plaintiff is receiving a fair deal under the FLSA, the court affords substantial weight to the fact that Plaintiff is fully recovering his unpaid wages and, based on his own approximation of the number of hours for which he was not paid, there has not been any compromise. Because Plaintiff's FLSA unpaid wage claim is effectively being

paid in full, the court has no reservations about accepting that aspect of the settlement agreement as fair and reasonable.  *See Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (noting that "[t]here is no need for judicial scrutiny" where a defendant has agreed to pay a plaintiff the full amount of her FLSA claim, without compromise).

Defendant also agrees to pay $2,000 for Plaintiff's attorney's fees and costs in this action.  As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  The court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.  In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of the settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorney's fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In this case, the parties state that they separately negotiated Plaintiff's attorney's fees and costs without regard for the amount of the FLSA settlement. Based on this representation and the parties' submissions, the court is satisfied that the attorney's fee and costs were determined independently, without compromising the amounts paid to Plaintiff, and otherwise appears to be reasonable. Because the parties complied with *Bonetti*, the court need not conduct an in-depth analysis of the reasonableness of the fees to be paid to Plaintiff's counsel. *See Bonetti*, 715 F. Supp. 2d at 1228.

Having fully reviewed the matter, the court finds that the proposed settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Plaintiff agrees to release "any and all FLSA claims, and all parallel wage and hour state law claims…arising up to the Effective Date of this Agreement for the time period Plaintiff worked for Defendant," but not any such claims that might arise subsequently. Thus, the release is appropriately limited to the FLSA claims at issue in this suit and does not release any future FLSA rights. There is no confidentiality provision. The court finds no internal or external impediments to approving the agreement and that they further the implementation of FLSA rights in the workplace.

Accordingly, it is hereby **ORDERED** that:

1. The Joint Motion for Approval of Settlement Agreement, ECF No. 6, is **GRANTED**.

2. The Settlement Agreement, ECF No. 6 at 3, is **APPROVED**.

3. The case is **DISMISSED with prejudice** and the Clerk is directed to close the file.

4. There shall be no award of costs or attorney's fees, as those matters are dealt with in the settlement agreement.

5. The court will retain jurisdiction for a period of 30 days for the limited purposes of interpreting and enforcing the agreement.

**DONE** and **ORDERED** on this 29th day of November, 2016.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**